**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

**JOHN DOE**

      **Plaintiff,**

  v.

**JENNIFER FARMER**

      **Defendant.**

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff by and through his attorney, Joseph O'Keefe of Baker Law Group, LLC, asserts the following claims for relief against the above-named Defendant as follows:

**JURISDICTION AND VENUE**

1. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. This action is brought against Defendant Farmer pursuant to 15 USC § 6851, because she illegally obtained intimate nude images of Plaintiff and electronically disclosed and distributed those images in or affecting interstate commerce using a means or facility of interstate commerce, without the consent of Plaintiff.

1

Doc ID: 5d26faebdc83d88737b7e47fe6bc69ecafb31925

2. This Court also has jurisdiction to hear the Colorado state law claims under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). The requirements are met here as the non-federal claims arise "from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Id*. Colorado's statue addressing similar claims provides additional relief for the same or similar conduct. *C.R.S. § 13-21-1401, et. Seq.*

3. Venue is proper in the District of Colorado pursuant to *28 U.S.C. §1391* as the acts alleged took place within the state of Colorado.

## PARTIES

4. Plaintiff resides in the state of Florida but was present in Colorado for seasonal work where the alleged tortious activity occurred.

5. Plaintiff is using a pseudonym rather than his real name as allowed by 28 U.S.C. § 1391 to protect him from further public embarrassment and injury resulting from Defendant's illegal actions. A sealed motion to Proceed Under Pseudonym will be filed as the second docket entry with the court.

6. Jennifer Farmer is a resident of Arkansas, whose address is 2010 Rebsamen Park Rd, Apt 421, Little Rock, AR 72202.

7. At all relevant times, Defendant Farmer was staying at her family's Snowmass Condo in Aspen, Colorado, it is at this location where the alleged tortious action occurred.

## FACTUAL BACKGROUND

8. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

9. Beginning in or about mid-February 2023 and continuing until in or about mid-August

Doc ID: 5d26faebdc83d88737b7e47fe6bc69ecafb31925

of 2023, Defendant Farmer engaged in a consensual sexual relationship with Plaintiff after connecting on Tinder.

10. Throughout the course of this relationship, Defendant recorded the sexual encounters between herself and Plaintiff without Plaintiffs permission.

11. In fact, Plaintiff specifically asked Defendant if her ring cameras were live and recording and was told they were not.

12. A plain review of the subject videos show that Defendant strategically placed the cameras and staged the sexual encounters so that Plaintiff would be paramount.

13. Defendant distributed these images and recordings without Plaintiff's permission, including to a woman identified as Plaintiff's fiancé.

14. Defendant did not have Plaintiff's permission to record the images and videos, let alone to disclose them to anybody.

15. The targeted nature of the disclosure of the images and videos demonstrates that Defendant intended to cause harm to Plaintiff by making their unauthorized disclosures.

16. The images Defendant shared included images of Plaintiff engaging in "sexually explicit conduct" as defined in subparagraphs (A) and (B) of section 2256(2) of title 18. Plaintiff was identifiable in the images and documents disclosed by Defendant.

### FIRST CLAIM FOR RELIEF
*Violations of 15 USC § 6851*

17. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

18. Defendant disclosed without permission Plaintiff's intimate images through text messages and/or social media posts using their cell phones and/or computers.

19. Defendant knew that Plaintiff had not consented to such disclosures or recklessly

Doc ID: 5d26faebdc83d88737b7e47fe6bc69ecafb31925

disregarded the lack of consent.

20. Defendant did not obtain Plaintiff's consent to disclose the images.

21. Plaintiff's intimate visual depictions were disclosed, in or affecting interstate or foreign commerce or using a means or facility of interstate commerce, without the consent of Plaintiff.

22. Defendant' cell phones, the cell phone towers used to send and receive the images to those phones, the physical telephone lines and satellite signals used in the transmission of those images are all means and facilities of interstate commerce.

23. Such disclosures were made by the named Defendant above, who knew that Plaintiff had not consented to such disclosure.

24. As provided in 15 USC § 6851, Plaintiff is entitled to obtain injunctive relief ordering the Defendant to cease display or disclosure of the visual depictions, plus liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred and all other appropriate relief from Defendant individually.

## SECOND CLAIM FOR RELIEF
*Violation of C.R.S. § 13-21-1401, et. Seq.*

25. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

26. Plaintiff suffered harm from Defendant's intentional disclosure of his private intimate images, including embarrassment and emotional distress.

27. Plaintiff did not consent to the disclosures of his private intimate images by Defendant.

28. The images disclosed by Defendant were private as that term is defined in C.R.S. § 13-21-1403(1)(b).

29. Defendant obtained the private images by theft and then disclosed those images without

Doc ID: 5d26faebdc83d88737b7e47fe6bc69ecafb31925

permission.

30. Plaintiff has suffered harm as a result of Defendant's unauthorized sharing of Plaintiff's private images and documents.

31. Pursuant to C.R.S. § 13-21-1406, Plaintiff is entitled to recover from Defendant the greater of:

(I) Economic and noneconomic damages proximately caused by the defendant's disclosures or threatened disclosures, including damages for emotional distress whether or not accompanied by other damages; or

(II) Statutory damages not to exceed ten thousand dollars against defendant found liable under this part 14 for all disclosures and threatened disclosures by the defendant of which the plaintiff knew or reasonably should have known when filing the action or which became known during the pendency of the action.

32. In determining the amount of statutory damages under this subsection (1)(a)(II), consideration must be given to the age of the parties at the time of the disclosure or threatened disclosure, the number of disclosures or threatened disclosures made by the defendant, the breadth of distribution of the image by the defendant, and other exacerbating or mitigating factors.

33. Plaintiff is further entitled to Punitive damages as allowed under the law of Colorado other than this part 14, reasonable attorney fees and costs, and additional relief, including injunctive relief. *C.R.S. § 13-21-1406*.

### THIRD CLAIM FOR RELIEF

*Request for Permanent Injunction Against Defendant*

34. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

35. Plaintiff has requested a Temporary Restraining Order (TRO) and Preliminary Injunction against Defendant by separate Motion asking the Court to order Defendant to cease display or disclosure of the visual depictions. Plaintiff asks the Court to make this a permanent order at the

Doc ID: 5d26faebdc83d88737b7e47fe6bc69ecafb31925

conclusion of the case.

36. Pursuant to *15 USC § 6851(3)(A)(ii)*, "the court may, in addition to any other relief available at law, order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." *15 USC § 6851(3)(A)(ii)*.

37. Plaintiff also seeks a permanent injunction against Defendant prohibiting her from engaging in any additional unlawful acts intended to harm Plaintiff using the stolen images and documents.

38. Plaintiff seeks any other appropriate injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

- This matter be set for jury trial for all issues so triable;

- An injunction preventing Defendant from the display or disclosure of the private intimate visual depictions and documents;

- Judgment against Defendant as follows:

    o $150,000 statutory damages under 15 USC § 685
    o The greater of actual economic and noneconomic damages pursuant to C.R.S. § 13-21-1406;
    o The greater of actual economic and noneconomic damages pursuant to C.R.S. § 13-21-1406
    o Punitive damages as allowed by law;
    o Costs, attorney fees, and such other and further equitable and legal relief as this Court deems just and proper;

Doc ID: 5d26faebdc83d88737b7e47fe6bc69ecafb31925

Dated:    September 11, 2023

                                                         _s/ Joseph O'Keefe_____
Joseph O'Keefe, CO Bar # 52228,
PA Bar # 77068
BAKER LAW GROUP, LLC
8301 E Prentice Ave, #405
Greenwood Village, CO 80111
*Attorney for Plaintiff*

7

VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the __11__ day of __9__, __2023__, at __Seminole Fl__.
                (date)     (Month)   (Year)     (Location)

Craig R Stout
_____          _____
Printed Name of Plaintiff                     Signature of Plaintiff

8

Doc ID: 5d26faebdc83d88737b7e47fe6bc69ecafb31925

 Audit trail

| | |
|---|---|
| Title | Baker Law Group, LLC has sent you a document to review and... |
| File name | Doe Complaint dra...gnature block.pdf |
| Document ID | 5d26faebdc83d88737b7e47fe6bc69ecafb31925 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

**This document was requested on app.practicepanther.com and signed on app.practicepanther.com**

## Document History

**SENT**  **09 / 11 / 2023**  Sent for signature to Stout, Craig (bachelor.crs@gmail.com)
21:58:44 UTC  from bachelor.crs@gmail.com
IP: 208.185.65.150

**VIEWED**  **09 / 11 / 2023**  Viewed by Stout, Craig (bachelor.crs@gmail.com)
22:01:31 UTC  IP: 172.56.97.159

**SIGNED**  **09 / 11 / 2023**  Signed by Stout, Craig (bachelor.crs@gmail.com)
22:06:51 UTC  IP: 172.56.97.159

**COMPLETED**  **09 / 11 / 2023**  The document has been completed.
22:06:51 UTC

Powered by Dropbox Sign