IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.:  23-cv-02336-REB-SKC**

JOHN DOE

    Plaintiff,

v.

JENNIFER FARMER

    Defendant.

---

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
WITH JURY DEMAND**

---

Defendant/Counterclaimant Jennifer Farmer ("Defendant"), by and through counsel, Garfield & Hecht, P.C., hereby answers the Complaint filed by Plaintiff/Counterclaim-Defendant John Doe ("Plaintiff") and asserts affirmative defenses and counterclaims and demands a jury, as set forth below:

**JURISDICTION AND VENUE**

1. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint. To the extent a response is required, Defendant denies the same.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies the same.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies the same.

## PARTIES

4. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint. To the extent a response is required, Defendant denies the same.

5. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint. To the extent a response is required, Defendant denies the same.

6. With respect to the allegations set forth in Paragraph 6 of the Complaint, Defendant states that she is a resident of Snowmass Village, Colorado, and has been since 2020, when she relocated from Arkansas to provide full-time in-home care to her elderly father.

7. With respect to the allegations set forth in Paragraph 7 of the Complaint, Defendant states that, except for a leisure trip that Defendant and Plaintiff took together to Las Vegas in July 2023, Defendant at all relevant times has lived at her family's Snowmass Village condominium; Defendant denies allegations of tortious conduct.

## FACTUAL BACKGROUND

8. With respect to Paragraph 8 of the Complaint, Defendant hereby incorporates her answers to all preceding allegations by reference.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Alleged Violations of 15 USC § 6851)**

17. With respect to Paragraph 17 of the Complaint, Defendant hereby incorporates her answers to all preceding allegations by reference.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. The allegations set forth in Paragraph 22 of the Complaint contain a legal conclusion to which no answer is required.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. The allegations set forth in Paragraph 24 of the Complaint contain a legal conclusion to which no answer is required.

**SECOND CLAIM FOR RELIEF**
**(Alleged Violations of C.R.S. §§ 13-21-1401, *et. seq.*)**

25. With respect to Paragraph 25 of the Complaint, Defendant hereby incorporates her answers to all preceding allegations by reference.

26. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint. To the extent a response is required, Defendant denies the same.

2908297.1

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint. To the extent a response is required, Defendant denies the same.

31. The allegations set forth in Paragraph 31 of the Complaint contain a legal conclusion to which no answer is required. To the extent a response is required, Defendant denies the same.

32. The allegations set forth in Paragraph 32 of the Complaint contain a legal conclusion to which no answer is required. To the extent a response is required, Defendant denies the same.

33. The allegations set forth in Paragraph 33 of the Complaint contain a legal conclusion to which no answer is required. To the extent a response is required, Defendant denies the same.

**THIRD CLAIM FOR RELIEF**
**(Request for Permanent Injunction Against Defendant)**

34. With respect to Paragraph 34 of the Complaint, Defendant hereby incorporates her answers to all preceding allegations by reference.

35. The allegations set forth in Paragraph 35 of the Complaint contain a legal conclusion to which no answer is required.

36. The allegations set forth in Paragraph 36 of the Complaint contain a legal conclusion to which no answer is required.

37. The allegations set forth in Paragraph 37 of the Complaint contain a legal conclusion to which no answer is required.

38. The allegations set forth in Paragraph 38 of the Complaint contain a legal conclusion to which no answer is required.

## GENERAL DENIAL AND RESERVATION OF RIGHTS

Defendant denies any and all allegations contained in the Complaint not expressly admitted above. Defendant reserves the right to amend and/or supplement this responsive pleading and to add additional defenses and counterclaims and third-party claims as warranted by subsequent investigation and ongoing discovery in this civil action.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of the risk and contributory negligence.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff induced Defendant's alleged conduct by fraud.

4. Plaintiff's alleged harms are caused by Plaintiff's own conduct.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove the elements of each and every claim that it asserted in its Complaint.

6. Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff gave consent.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff, directly or indirectly, solicited the materials of which he now complains.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff had no reasonable expectation of privacy.

10. Plaintiff's claims are barred, in whole or in part, because of the acts of his apparent or implied-at-law agent(s).

11. Plaintiff's claims are barred, in whole or in part, because, to the extent Defendant disclosed any intimate depictions of Plaintiff, Defendant reasonably intended to assist Plaintiff.

12. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has or had no right to control.

13. Plaintiff's claims are barred, in whole or in part, because Defendant at all relevant times has not acted with malicious intent or vengefully and therefore Defendant's conduct is not within the scope of either the letter or the intent of the statutory provisions upon which Plaintiff's claims rely.

14. Plaintiff's claims are barred, in whole or in part, because Defendant has at all relevant times acted in good faith.

15. Plaintiff's claims are barred, in whole or in part, because the statutory provisions upon which they are predicated are unconstitutional.

16. Plaintiff's claims are bared, in whole or in part, because the statutes on which they are predicated are void for vagueness and overbreadth.

**COUNTERCLAIMS**

**Parties, Jurisdiction and Venue**

1. Defendant is a resident of 65 Harleston Green, Unit 50, Snowmass Village, Colorado 81615, which is located in Pitkin County, Colorado.

2. Upon information and belief, Plaintiff is a resident of the State of Florida.

3. This Court has jurisdiction to hear state law claims under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391, as the acts alleged took place within the State of Colorado.

## GENERAL ALLEGATIONS

5. Defendant hereby incorporates by reference all prior allegations set forth in this responsive pleading.

6. For several years, Defendant's father has suffered from Parkinson's Disease and Dementia.

7. Defendant relocated with her father from Arkansas to the family's Snowmass Village condominium in 2020 as a result of a family decision that such a relocation would be best for her father's mental and physical health.

8. Defendant agreed to forgo employment to provide full-time in-home care to her ill father in Snowmass Village.

9. Since beginning to care for her father, Defendant has not been employed.

10. By February of 2023, Defendant's father was mostly bedridden, requiring full-time care in the Snowmass Village condominium from Defendant and one to two other caregivers at all times, day and night.

11. In February of 2023, Plaintiff maintained a "Tinder" social media and dating app profile; said profile, an image of which is attached as **Exhibit A**, asserted that Plaintiff was "single."

12. At this time, Plaintiff was temporarily residing in Pitkin County, Colorado, for the purpose of winter seasonal employment.

13. Defendant contacted Plaintiff through the "Tinder" social media platform based on Plaintiff's social media profile, which stated that he was "single."

14. Plaintiff informed Defendant that he was not involved in a romantic or sexual relationship and that he had been previously engaged but had broken up with his fiancée.

15. At this time and at all relevant times, Plaintiff in fact was engaged with, permanently resided in Florida in the same home as, and was and involved in a romantic and sexual relationship with Meagan Farey, a Florida resident.

16. Defendant relied on Plaintiff's assertions that he was not involved in a romantic relationship in Defendant's deciding to engage in a romantic relationship with Plaintiff.

17. Defendant relied on Plaintiff's assertions that Plaintiff was single and not engaged in a sexual relationship with someone else in deciding to engage in a sexual relationship with Plaintiff.

18. Defendant would not have consented to a romantic relationship or sexual activity with Plaintiff had Defendant known that Plaintiff was in fact in a romantic and/or sexual relationship with another woman.

19. Plaintiff and Defendant were involved in a romantic and consensual sexual relationship from February through August 2023.

20. Plaintiff concluded his winter seasonal employment and returned to Florida from Pitkin County, Colorado, in April of 2023.

21. Plaintiff again traveled to Pitkin County, Colorado, from Florida in June of 2023.

22. Plaintiff stated to Defendant that his reason for traveling to Pitkin County, Colorado, in June of 2023 was to pursue his romantic and sexual relationship with Defendant.

23. Defendant allowed Plaintiff to reside in her family's Snowmass Village condominium upon his June 2023 return to Pitkin County, Colorado, based on Defendant's sincere belief that Plaintiff and Defendant were in a monogamous romantic and sexual relationship.

24. In reliance on what she believed to be a monogamous relationship with Plaintiff, Defendant provided housing to Plaintiff beginning in June of 2023 rent-free and with no obligation to contribute to utilities, taxes, insurance, or other expenses of maintaining the residence.

25. Upon Plaintiff's insistence, Defendant agreed to travel with Plaintiff to Las Vegas, Nevada, for leisure purposes, and Defendant in fact did travel to Las Vegas, Nevada, with Plaintiff for five days.

26. Defendant agreed to take the Las Vegas trip in reliance on what she believed to be a monogamous romantic and sexual relationship with Plaintiff.

27. This Las Vegas trip was the first time since beginning to provide full-time care for her father that Defendant had been apart from her father for more than two consecutive days.

28. Plaintiff completed his summer seasonal employment in Pitkin County, Colorado, in August of 2023 and returned to Florida.

29. Following Plaintiff's relocation to Florida in August of 2023, Defendant discovered that Plaintiff in fact had been engaged to another person—a woman named Megan Farey—throughout their relationship.

9

30. This discovery has caused Defendant mental suffering, emotional stress, anxiety, embarrassment, anguish, humiliation, and other injuries.

31. Plaintiff's conduct has interfered with Defendant's ability to fully care for her ailing elderly father and has negatively affected Defendant's well-being and her emotional and mental health.

32. All conditions precedent, if any, to asserting counterclaims have been complied with.

### FIRST COUNTERCLAIM
### (Outrageous Conduct)

33. Defendant hereby incorporates by reference all prior allegations set forth in this responsive pleading.

34. Plaintiff engaged in extreme and outrageous conduct by using deceit and fraud to obtain Defendant's consent to engage in a consensual sexual relationship and to reside in Defendant's home rent-free.

35. Plaintiff did so recklessly or with the intent of causing Plaintiff severe emotional distress.

36. Plaintiff's conduct caused Defendant severe emotional distress.

37. Defendant is entitled to actual damages in an amount to be proven at trial.

### SECOND COUNTERCLAIM
### (False Representation)

38. Defendant hereby incorporates by reference all prior allegations set forth in this responsive pleading.

2908297.1

39. At all times between February and August of 2023, Plaintiff falsely represented to Plaintiff that he was "single" and not involved in a romantic or sexual relationship.

40. Plaintiff's representation that he was "single" and not involved in a romantic or sexual relationship with someone else was material to Defendant.

41. At the time Defendant made these representations, Plaintiff knew that they were false and that he was in fact engaged to Meagan Farey, involved in a romantic relationship with her, and involved in a sexual relationship with her.

42. Plaintiff made the representations with the intent that Defendant would rely on the representations.

43. Defendant relied on Plaintiff's repeated representations.

44. Defendant's reliance was reasonable and justified.

45. Plaintiff's representations, and Defendant's reasonable and justified reliance thereon, caused damages to Defendant, including economic and non-economic damages in an amount to be proven at trial.

**WHEREFORE**, Defendant requests that this Court:

1. Enter judgment in favor of Defendant and against Plaintiff;
2. Dismiss Plaintiff's Complaint with prejudice;
3. Award Defendant her costs and attorneys' fees to the extent allowed by law; and
4. Award Defendant any and all such other and further relief as this Court deems just and proper under the circumstances.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 25th day of October, 2023.          Respectfully submitted,

2908297.1

*/s/ Christopher D. Bryan*
Christopher D. Bryan
Andrew Atkins
GARFIELD & HECHT, P.C.
625 East Hyman Avenue, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
Fax: (970) 925-3008
E-mail: cbryan@garfieldhecht.com
E-mail: aatkins@garfieldhecht.com
*Attorneys for Defendant/Counterclaimant*

2908297.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2023, a true and correct copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS WITH JURY DEMAND** was filed with the Court via CM/ECF and served upon the following:

Joseph A. O'Keefe
BAKER LAW GROUP, LLC
7035 Campus Drive, Suite 702
Colorado Springs, Colorado 80920

*/s/Rebekah Ortell*
Rebekah Ortell

2908297.1