IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  23-cv-02336-REB-SKC

**JOHN DOE**

  **Plaintiff,**

   v.

**JENNIFER FARMER**

   **Defendant.**

---

### ANSWER TO DEFENDANT'S COUNTERCLAIMS

---

Plaintiff by and through his attorney, Joseph O'Keefe of Baker Law Group, LLC, asserts the following answer to defendants counterclaims.

### JURISDICTION AND VENUE

1.    Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  This action is brought against Defendant Farmer pursuant to 15 USC § 6851, because she illegally obtained intimate nude images of Plaintiff and electronically disclosed and distributed those images in or affecting interstate commerce using a means or facility of interstate commerce, without the consent of Plaintiff.

1

2. This Court also has jurisdiction to hear the Colorado state law claims under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). The requirements are met here as the non-federal claims arise "from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Id*. Colorado's statue addressing similar claims provides additional relief for the same or similar conduct. *C.R.S. § 13-21-1401, et. Seq.*

3. Venue is proper in the District of Colorado pursuant to *28 U.S.C. §1391* as the acts alleged took place within the state of Colorado.

## PARTIES

4. Plaintiff resides in the state of Florida but was present in Colorado for seasonal work where the alleged tortious activity occurred.

5. Plaintiff is using a pseudonym rather than his real name as allowed by 28 U.S.C. § 1391 to protect him from further public embarrassment and injury resulting from Defendant's illegal actions. A sealed motion to Proceed Under Pseudonym will be filed as the second docket entry with the court.

6. Jennifer Farmer is a resident of Arkansas, whose address is 2010 Rebsamen Park Rd, Apt 421, Little Rock, AR 72202.

7. At all relevant times, Defendant Farmer was staying at her family's Snowmass Condo in Aspen, Colorado, it is at this location where the alleged tortious action occurred.

## ANSWER TO COUNTERCLAIMS

8. Plaintiff, John Doe, hereby submits this response to the counterclaims filed by Defendant. In this response, Plaintiff denies each and every allegation made in the counterclaims that suggest wrongful conduct on his part including but not limited to the

allegations of deceit, fraud, and the infliction of emotional distress and asserts the following defenses.

### FIRST COUNTERCLAIM
### (Outrageous Conduct)

9. In response to Paragraphs 33-37 of the Counterclaim, Plaintiff denies engaging in any extreme or outrageous conduct. Any emotional distress claimed by the Defendant was not caused by any actions or representations made by Plaintiff.

10. Plaintiff further asserts that the interactions between himself and Defendant were consensual, and that at no point did he engage in conduct intended to cause severe emotional distress to Defendant.

### SECOND COUNTERCLAIM
### (False Representation)

11. In response to Paragraphs 38-45 of the Counterclaim, Plaintiff denies falsely representing his relationship status. Plaintiff maintains that any representations made to Defendant were based on the truth to the best of his knowledge and belief at the time.

12. Plaintiff disputes Defendant's claim of damages resulting from these alleged misrepresentations and denies that Defendant's reliance on any statements made by Plaintiff was reasonable and justified under the circumstances.

### AFFIRMATIVE DEFENSES

13. Plaintiff asserts that Defendant consented to the relationship and interactions with full knowledge of all pertinent facts.

14. Plaintiff contends that any alleged damages claimed by Defendant were not caused by any actions or representations made by Plaintiff.

15. Plaintiff asserts that Defendant failed to take reasonable steps to mitigate any

3

alleged damages. The Plaintiff asserts that the Defendant has failed to state a claim upon which relief can be granted. The allegations, even if taken as true, do not constitute a legal basis for liability under the applicable law.

16. Plaintiff avers that Defendant, by agreeing to the terms and conditions of Tinder, consented to the nature of their interactions. Plaintiff argues that any alleged misrepresentation is negated by the Defendant's acceptance of these terms, which govern their relationship and interactions.

17. Plaintiff contends that any acts engaged in were part of a consensual relationship initiated and perpetuated through Tinder. Plaintiff denies any involvement in illegal activities and asserts that Defendant's participation in the relationship negates any claim of illegality.

18. Plaintiff maintains that the interactions between him and the Defendant were governed by the terms and conditions of Tinder, which the Defendant agreed to. This agreement constitutes a license for the nature of their interactions, countering the claims of unauthorized conduct.

19. Plaintiff alleges that Defendant engaged in unethical and illegal actions, including the non-consensual recording and distribution of intimate images. This conduct demonstrates unclean hands, barring the Defendant from seeking equitable relief for the claims she has asserted.

20. The Plaintiff posits that by engaging in a relationship on Tinder and adhering to its terms and conditions, the Defendant waived any claims of misconduct against the Plaintiff that are related to their interactions facilitated through Tinder.

21. In addition to the above defenses, Plaintiff emphasizes that all interactions and

relations with the Defendant were consensual, with full awareness and acceptance of the circumstances by the Defendant.

22. Plaintiff asserts that any alleged damages or distress claimed by the Defendant are not causally linked to actions or representations made by the Plaintiff.

23. The Plaintiff argues that the Defendant failed to take reasonable steps to mitigate any alleged damages, thereby reducing or negating the extent of liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: Dismiss Defendant's counterclaims with prejudice; Award Plaintiff costs and attorney's fees incurred in defending against these counterclaims; Grant Plaintiff such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: November 16, 2023

    s/ Joseph O'Keefe
Joseph O'Keefe,
CO Bar # 52228,
PA Bar # 77068
BAKER LAW GROUP, LLC
8301 E Prentice Ave, #405
Greenwood Village, CO 80111
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 16 2023, a copy of the Answer to Defendant's Counterclaims was electronically filed and served upon all parties having entered an appearance in the above-captioned action as listed on PACER including the following:

Christopher D. Bryan
Andrew Atkins
GARFIELD & HECHT, P.C.
625 East Hyman Avenue, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
Fax: (970) 925-3008
E-mail: cbryan@garfieldhecht.com
E-mail: aatkins@garfieldhecht.com
Attorneys for Defendant/Counterclaimant

/s/ Lisa Hinton
Lisa Hinton, Paralegal