## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-02336-REB-SKC**

JOHN DOE

      Plaintiff,

v.

JENNIFER FARMER

      Defendant.

---

## [PROPOSED] PROTECTIVE ORDER

---

As stipulated and requested by each party and each counsel of record in this case, this Protective Order concerning the treatment of Confidential Information (as hereinafter defined) is issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

WHEREAS, Plaintiff John Doe ("Plaintiff") in the above-referenced matter ("Litigation"), and Defendant Jennifer Farmer ("Defendant"), having submitted a stipulated motion for protective order ("Stipulated Motion") in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled;

WHEREAS, the parties stipulate and agree that the materials to be produced and exchanged and the testimony to be given during the course of discovery may contain confidential information consisting of confidential medical information of non-parties, intimate visual depictions and sexually explicit depictions of Plaintiff and/or Defendant, and graphic communications regarding said visual

1

depictions;

WHEREAS, the following factors outweigh any interests of potential third parties to obtain access to discovery materials and support a finding that "good cause" exists for issuing a Protective Order: as this case involves the alleged disclosure of intimate visual depictions, it is likely that the parties will be required to produce sensitive information though the distribution of graphic communications regarding the same, as well as potentially sensitive information concerning matters of personal privacy relating to the Plaintiff, Defendant, and certain non-parties; this information should be protected from dissemination to the public and persons who are not otherwise involved in this Litigation; and the sharing of the information between litigants will promote fairness and efficiency;

NOW THEREFORE, it is hereby ORDERED by the Court that the following provisions shall govern Confidential Information in this proceeding, as hereafter defined:

1.      For the purposes of this Protective Order, "Confidential Information" means any document, record, file, portions of files, including any extract, abstract, chart, summary, note, information, or copy made therefrom – not made available to the public – and properly designated as confidential in accordance this Protective Order, and any aggregation of Confidential Information. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

a.      "Confidential Information" may also, if properly designated as confidential in accordance with this Protective Order, include:

i.      Information set forth in response to discovery requests, including initial disclosures and in response to a subpoena;

ii.     Information set forth in documents produced in response to a request for

production;

iii.   Information disclosed during depositions;

iv.   Any other information disclosed by the Producing Party to any other party, directly or through its counsel, that the Producing Party claims in good faith to be Confidential Information, if the Producing Party, before disclosure to another party, marks the Confidential Information with the label or stamp as set forth in Paragraph 2 below; or

v.   Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in this Paragraph 1, subsection (a).

vi.   "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

vii.   "Producing Party" means a Party that produces Confidential Information, or other information in connection with this Litigation.

viii.   "Recipient" means a named Party in this Litigation (or counsel thereto and their agents) who receives Confidential Information, or other information in connection with the Litigation.

2.    Where Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

a.   By imprinting the word "Confidential" on the first page or cover of any document produced;

2936705.1

3

b.  By imprinting the word "Confidential" next to the information; or above any response to a discovery request; and

c.  With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

3.      The Producing Party may designate as "Confidential Information" any information the Producing Party reasonably and in good faith believes to be confidential, including, without limitation, (i) intimate visual depictions (as such phrase is defined in 15 USC § 6851) of any party or non-party, and graphic and/or suggestive communications relating to sexually explicit conduct (as such phrase is defined in 15 USC § 6851); (ii) non-public personal information about any party or non-party that implicates that individual's common law or statutory privacy interests, or other information incorporating or aggregating non-public personal information pertaining to individuals and implicating the individuals' common law or statutory privacy interests; (iii) non-public information about the finances or business practices of any party to this lawsuit; and (iv) trade secrets or other non-public proprietary, strategic or commercial information, intellectual property information, data or research of any named party in this Litigation.

4.      All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.  It shall be used only for the purpose of this Litigation and not for any business or other purpose whatsoever;

b.  It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone, except as expressly set forth herein below, for purposes of this case. For purposes of this case, Confidential

Information may be disclosed to:

    i.  Counsel of record in this Litigation and employees of counsel of record who are actively engaged in the conduct of this Litigation;

    ii.  Persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by the attorneys in preparation for trial, at trial, or at other proceedings in this case;

    iii.  The parties and designated representatives of the parties;

    iv.  Expert witnesses or Litigation consultants retained in connection with this proceeding to the extent such disclosure is necessary for preparation, trial or other proceedings in this case, provided such expert witnesses or Litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

    v.  The Court and its officers and employees ("Court Personnel");

    vi.  Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this Litigation;

    vii.  Deponents, witnesses, or potential witnesses;

    viii.  Any arbitrator, mediator, or other third-party neutral to whom this matter may be assigned or referred, and his or her employees and staff;

    ix.  Pursuant to a subpoena or Court Order and with prior written notice to the Producing Party; and

    x.  Other persons by written agreement of the parties.

c.  Prior to disclosing Confidential Information to any person listed above (other than

the parties, counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide each person with a copy of this Protective Order.

5.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.      The party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.      During the pendency of this Litigation, opposing counsel may, based on a court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 6 above, upon a showing of substantial need to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this Litigation and such copies shall be made and used solely for purposes of this Litigation.

9.      During the pendency of this Litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     If opposing counsel objects to the designation of certain information as Confidential

Information by the other parties' counsel, he or she shall promptly inform designating counsel in writing of the specific grounds for the objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing/objecting counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of designating counsel's receipt of opposing counsel's written objection. The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11.     Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this Litigation, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. However, Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted as restricted filings or otherwise kept out of the public record in this Litigation, except by court order issued upon motion of the party seeking to restrict the documents. Any such motion shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12.     By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential Information shall be treated

at trial.

14.     Upon termination of this Litigation, including any appeals, each party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15.     The termination of this Litigation shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

DATED this ____ day of December 2023

BY THE COURT:

_____
United States Judge